## L. T. GUILD v. A. Y. MORE.

(152 N. W. 275.)

**Statement of case — preparation — settlement of — extension of time — trial court — right to grant.**

1. Under the facts of this case, briefly mentioned in the opinion, the trial court had the legal right to extend the time within which a statement of the case might be settled, and the facts justify the extension.

**Supreme Court — brief in — service of — appeal — motion to dismiss.**

2. Appellant has been slightly negligent in serving his brief in this court, but motion to dismiss appeal on that ground is denied on condition he serve and file such brief by May 25, 1915, and argue case in this court at last June, 1915, assignment.

Opinion filed April 24, 1915.

Motion to dismiss appeal for nonprosecution; to strike out statement of case, and to advance upon calendar.

First parts denied, last allowed.

*Watson & Young* and *E. T. Conmy,* of Fargo, North Dakota, for motion.

*Fowler & Greene* and *Pollock & Pollock,* of Fargo, North Dakota, contra.

BURKE, J. Plaintiff and respondent has filed three motions: (1) To dismiss the appeal herein for nonprosecution; (2) to strike out the statement and assignments of error; and (3) to advance said appeal upon the calendar of this court. The action was begun December 1, 1913. Trial was begun April 9, 1914, and concluded May 26, 1914, resulting in verdict for plaintiff in the sum of $11,127.55. It appears that a transcript of the evidence was ordered from the official stenographer, who, after some unavoidable delay, furnished the same, complete, October 24, 1914, although he had furnished some 603 pages thereof on September 20, and 408 pages on October 10, the total transcript containing 1,250 pages. An appeal to the supreme court was perfected June 26, 1914. On November 30, 1914, defendant served his alleged assignment of error containing 501 assignments.

At the close of the trial, defendant applied for and obtained from the court a stay of all proceedings excepting the entry of judgment which expired June 28, 1914. On October 20, 1914, plaintiff served written notice on respondent under rule 26 of this court, requiring the record to be sent up within twenty days, or that the appeal would be deemed abandoned. Before the expiration of such time, defendant applied to the trial court for an order extending the time within which the statement of the case might be settled, and the same was granted under date of October 31, 1914, the period being extended thirty days. This was upon affidavits showing all steps taken up to that time, among which it appears that the official stenographer had been paid the sum of $900 for the transcript. On November 23, 1914, plaintiff applied to this court for an order to dismiss said appeal because of the failure of the defendant to send up the record and for nonprosecution, which, after full hearing on the merits, was denied by this court. The present motions present the same reasons urged at that time and the additional grounds that delay has existed since such order, all of which is set forth in affidavits accompanying the papers. We do not intend to set out either the affidavits or a further *résumé* of the facts. What we have already stated is to show the importance of the litigation and the volume of the testimony offered. We have reached the conclusion from an examination of the record before us that the trial court had the right, under the law, to grant such extension of time for the settling of a statement of the case, and that there is no merit in the contention of respondent that such application for extension of time should have been made to this court. We are also satisfied that there were sufficient grounds for the granting of the extension upon the merits. 2. Regarding the propositions advanced by the respondent that appellant has been negligent in the preparation and service of his brief, we find more ground for argument. The entire transcript was in the hands of appellant in October, 1914, some six months ago, and it seems that he should have his brief prepared by this time. Respondent, of course, cannot conveniently file his brief until he has received appellant's.

However, we do not think it just that an appeal of this importance should be dismissed upon this ground alone, and we will deny said motion upon the condition that said brief is prepared, served, and

filed in this court by the 25th of May, 1915, and upon the further condition that such cause be argued and submitted at the last assignment of cases in June, 1915.